FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Dec 26, 2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| **CHRYSTAL SMITH**<br>121 Highland Ave<br>Central City, KY 42330<br><br>Plaintiff,<br><br>v.<br><br>**EMERSON ELECTRIC CO.**<br>c/o Corporation Service Company<br>421 West Main Street<br>Frankfort, KY 40601<br><br>Defendant. | Civil Action No.: 1:23CV-182-GNS<br><br>Judge: _____ |

## COMPLAINT WITH JURY DEMAND

Chrystal Smith ("Ms. Smith" or "Plaintiff") states the following for her Complaint against Emerson Electric Co. ("Emerson" or "Defendant"):

## INTRODUCTION

1. This action arose after Emerson Electric Co. engaged in discriminatory employment practices against a loyal employee who served the company without incident until she complained of gender discrimination. When Ms. Smith stood up to Defendant's blatant discriminatory practices and a culture of discrimination, Defendant retaliated against her and refused to promote her even though she had superior qualifications than her coworkers.

## **PARTIES & JURISDICTION**

2. Ms. Smith is a resident of Muhlenberg County, Kentucky. Plaintiff's claims arose out of an employment relationship with Emerson Electric Co. located in Louisville, Kentucky.

3. Emerson Electric Co. is a Foreign Corporation registered with the Kentucky Secretary of State doing business in Logan County, Kentucky.

4. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII").

5. Plaintiff also states claims under the laws of the Commonwealth of Kentucky. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court because the transactions and occurrences occurred in Russellville, Kentucky.

7. Plaintiff timely made a claim with the Equal Employment Opportunity Commission and received a right to sue letter.

8. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## BACKGROUND FACTS

9. Ms. Smith is a female.

10. Ms. Smith worked for Defendant for nearly five years without incident until she complained about her manager's gender discrimination.

11. Ms. Smith was qualified for her position and would often receive accolades and praises from her coworkers and supervisors.

12. However, shortly after Ms. Smith complained to Emerson's HR department regarding what she perceived as gender discrimination, and EEOC retaliation, Defendant retaliated against her.

13. Previously, Ms. Smith filed an EEOC charge of discrimination claiming a hostile work environment based on her gender.

14. Ms. Smith eventually dropped this charge and continued to work for Emerson.

15. However, the disparate treatment continued and Ms. Smith again complained to HR that she was being discriminated against on the basis of her gender and retaliated against for filing an EEOC charge of discrimination.

16. No corrective action was taken by Emerson's HR department.

17. Ms. Smith experienced repeated harassment by threats of disciplinary action due to incorrectly reported attendance by her supervisors. These issues were reoccurring and humiliating.

18. Ms. Smith's manager would treat her differently than her male co-workers and co-workers who had not filed an EEOC charge.

19. Ms. Smith's manager would assign her to job duties that her male co-workers and co-workers who had not filed an EEOC charge wouldn't have to perform.

20. In fact, Ms. Smith's manager would constantly alter her job duties.

21. Ms. Smith's manager would require her to work un multiple departments, unlike her male co-workers and co-workers who did not file and EEOC charge.

22. Ms. Smith's job duties were constantly changing.

23. Additionally, Ms. Smith was required to audit five lines running on her shift with no help from male co-workers and co-workers who had not filed an EEOC charge.

24. Ms. Smith continued to reach out to HR to complain about gender discrimination and EEOC retaliation.

25. Ms. Smith applied for several promotions within Emerson.

26. Ms. Smith was overly qualified for these positions.

27. Ms. Smith had already been performing the duties of these positions due to her manager constantly assigning her to different departments.

28. Therefore, Ms. Smith was an ideal candidate and had superior qualifications for for a promotion to one of these positions.

29. Instead of promoting Ms. Smith, Emerson elected to promote two less qualified individuals who had not filed a charge with the EEOC.

30. These individuals substantially lacked qualifications for the job.

31. Therefore, Emerson failed to promote Ms. Smith in retaliation for filing an EEOC charge and in retaliation for complaining about gender discrimination.

32. Ms. Smith suffered damages and will continue to suffer damages in the future because of Defendants' actions.

# CLAIMS

## COUNT I
## GENDER DISCRIMINATION UNDER TITLE VII

33. Ms. Smith restates and incorporates all paragraphs.

34. Ms. Smith is a woman and a member of a protected class.

35. Ms. Smith was qualified for her position.

36. Ms. Smith suffered an adverse employment decisions, failure to promote, and was discriminated against because of her gender.

37. In fact, Defendant's managers would reprimand Ms. Smith for things her male counterparts did not get reprimanded for.

38. For example, Defendant often assigned Ms. Smith job duties that her male counterparts did not have to perform.

39. Ms. Smith was humiliated, economically damaged, and suffered emotional distress.

40. Defendant acted maliciously and with a conscious disregard for Ms. Smith's rights.

41. Ms. Smith is entitled to all damages and injunctive relief permissible under Title VII.

## COUNT II
## RETALIATION UNDER TITLE VII

42. Ms. Smith restates and incorporates all paragraphs.

43. Ms. Smith was qualified for her position.

44. Ms. Smith made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful discriminatory employment practices based on gender and filling a charge with the EEOC.

45. Ms. Smith reported Defendants' unlawful behavior to her supervisor and to Defendants' HR department.

46. Ms. Smith belief that Defendants' behavior constituted sexual discrimination was reasonable and in good faith.

47. As a result of Ms. Smith's complaints, Defendants' agents and employees took materially adverse actions against her, including, issuing disciplinary warnings and reprimands by her supervisors.

48. Defendants' adverse actions constituted retaliatory workplace harassment.

49. Within months of complaining filing a charge with the EEOC and complaining about gender discrimination, Defendant failed to promote Ms. Smith.

50. Defendant instead elected to promote two lesser qualified individuals whom had not filed a charge with the EEOC or made any complaints of discrimination.

51. Ms. Smith was humiliated, economically damaged, and suffered emotional distress.

52. Defendants' actions were willful and in a conscious disregard of the rights of Ms. Smith.

53. As a direct and proximate result of the discrimination, Ms. Smith has sustained, and will continue to sustain, economic, and emotional injuries.

54. Ms. Smith is entitled to all damages and injunctive relief permissible under Title VII.

55. As a result of Defendant's actions, Ms. Smith has been harmed.

## COUNT III
## FAILURE TO PROMOTE UNDER TITLE VII

56. Ms. Smith restates and incorporates all paragraphs.

57. Ms. Smith is a woman who had previously filed a charge with the EEOC and is a member of a protected class.

58. Ms. Smith was overly qualified for the promotions that she applied for.

59. Ms. Smith was considered for and denied the promotions.

60. Instead of promoting Ms. Smith, Defendant elected to promote two less qualified individuals who had not filed a charge with the EEOC.

61. Ms. Smith was humiliated, economically damaged, and suffered emotional distress.

62. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Smith.

63. As a direct and proximate result of the discrimination, Ms. Smith has sustained, and will continue to sustain, economic, and emotional injuries.

64. Ms. Smith is entitled to all damages and injunctive relief permissible.

**WHEREFORE**, Ms. Smith respectfully requests that this Court find for her and award her the following:

a. Compensatory damages.

b. Reinstatement;

c. Lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions;

d. Statutory damages;

e. Interest;

f. Punitive damages;

g. Attorney fees;

h. Costs;

i. Litigation expenses; and

j. All other relief this Court deems proper.

Respectfully Submitted,

**/s/ Robert L. Thompson**
Robert L. Thompson (KY: 98791)
THOMPSON LEGAL LLC
10529 Timberwood Circle, Unit B
Louisville, Kentucky 40223
P: 502-366-2121
F: 502-438-9999
Robert@RthompsonLegal.com

## **JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues.

> ***/s/ Robert L. Thompson***
> Robert L. Thompson